**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL EFRAIN PERALTA ESTRADA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 19-72811<br><br>Agency No. A099-826-431<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before: GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Miguel Efrain Peralta Estrada, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"), and the BIA's order denying his motion to terminate proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We dismiss in part, deny in part, grant in part, and we remand the petition for review.

We lack jurisdiction over Peralta Estrada's contention that the IJ failed to serve as an impartial adjudicator because he did not raise this claim before the BIA. *See De Mercado v. Mukasey*, 566 F.3d 810, 815 n.4 (9th Cir. 2009) (concluding the court lacked jurisdiction to review petitioner's claim that the IJ failed to serve as an impartial adjudicator and denied petitioner a full and fair hearing because it was not raised to the BIA).

In his opening brief, Peralta Estrada does not raise any challenge to the BIA's denial of his motion to terminate or the BIA's determination that his conviction for possession with intent to distribute marijuana under 8 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) was a particularly serious crime, barring him from asylum and withholding of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Peralta Estrada's asylum and withholding of removal claims fail.

19-72811

As to deferral of removal under CAT, the agency misstated Peralta Estrada's testimony as to the police officers' conduct in failing to protect him. Specifically, the IJ's findings that "there is no indication whatsoever that the Mexican police . . . in any way have not taken any actions to protect [Peralta Estrada]" and that the police "have done nothing to indicate that they would in any way shirk their duties to protect [Peralta Estrada] if he were to go to Mexico" are contrary to the record of testimony. Peralta Estrada testified that the police who witnessed his cousins assault him "did not do anything" to assist him and instead were there "taking care of [his] cousins" who worked for the cartel. Peralta Estrada further testified that police told him "they were not able to do anything" when he submitted a police report regarding the beating. The IJ did not make an explicit adverse credibility finding, and the BIA adopted and affirmed the IJ's decision under *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). Thus, the agency failed to consider all relevant evidence. *See Parada v. Sessions*, 902 F.3d 901, 915-16 (9th Cir. 2018) (remanding where "the agency erred by failing to consider all relevant evidence" as to CAT relief); *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011) (indications of the agency's failure to properly consider all of the relevant evidence "include misstating the record").

Apart from these findings, it is unclear why the BIA denied Peralta Estrada's CAT claim. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (BIA

3                                                                          19-72811

must provide a reasoned explanation for its actions). Thus, we grant the petition for review and remand Peralta Estrada's CAT claim to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Peralta Estrada's removal is stayed pending a decision by the Board of Immigration Appeals.

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**